UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONN S. SHORTER,                          )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )     No. 4:05-CV-1307-CDP
                                          )
GENE STUBBLEFIELD, et al.,                )
                                          )
          Defendants.                     )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ronn S. Shorter

(registration no. C1729357) for leave to commence this action without payment of the

required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in

forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his prison account to pay the entire fee, the Court must assess and,

when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1)

the average monthly deposits in the prisoner's account; or (2) the average monthly

balance in the prisoner's account for the prior six-month period. See 28 U.S.C. §

1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on August 22, 2005. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $32.50, and an average monthly account balance of $6.19. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.50, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and supplements**

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Gene Stubblefield, Lorenzo Chancelor, Jeromo Fields, and Unknown Portwood.

Plaintiff alleges that on August 27, 2004, he received a "plea hearing from Dane County Circuit Court State of Wisconsin." He states that he filled out an inmate request form "putting the caseworker Ms. Portwood [on] notice of the plea hearing," but later was told that "it couldn't be done because it was out of town." Plaintiff also alleges that on October 7, 2004, he received "another adjourned plea hearing which indicate[d] another Circuit Court order . . . [and] a pre-trial conference which at [this] point [he was] force[d] to submit an I.R.R." Defendant Portwood explained "there [was] nothing she [could] do about it." Plaintiff further claims that his constitutional

right of access-to-the-courts has been violated in that he requested, but never received, "assistance in helping [him] with these petition [sic], and other [regulations] of institution policy and rights of inmate[s]," as well as "criminal law [material]." Plaintiff states that the law library is inadequate and out-dated and has been closed for approximately three months. Having carefully reviewed plaintiff's allegations, the Court concludes that his access-to-the-courts claims are legally frivolous, because he does not allege that he suffered actual prejudice to a nonfrivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access-to-courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated).

Plaintiff further alleges that defendants are not responding to his I.R.R.'s, and that "the I.R.R.'s are being destroyed on a daily basis after they [have] been turn[ed] in to staff which is a deliberate . . . indifference." Defendants' alleged failure to rule on plaintiff's grievances does not constitute a violation of plaintiff's constitutional rights. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)(prison officials' failure to process grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). As such, this claim is also legally frivolous.

Last, plaintiff claims that "there [sic] mistreating our mail giving it to us weeks late and going in it once its seal to go out of the building." Plaintiff's allegations

regarding timely delivery of the mail, at best, asserts no more than mere negligence, which is not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 330-32 (1986). Moreover, "prison officials do not commit constitutional violations by reading prisoner' outgoing nonprivileged mail." Gassler v. Wood, 14 F.3d 406, 408 n.5 (8th Cir. 1994).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $6.50 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 7th day of November, 2005.


_____
**UNITED STATES DISTRICT JUDGE**